Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASTE ACTION PROJECT,

    Plaintiff,

v.

GEM FABRICATION OF WASHINGTON, INC.,

    Defendant.

No. 2:18-cv-00375-TSZ

CONSENT DECREE

## STIPULATIONS

Plaintiff Waste Action Project ("Plaintiff") sent a 60-day notice of intent to sue letter to defendant Gem Fabrication of Washington ("Defendant") dated January 8, 2018 ("Notice Letter"). Plaintiff filed a Complaint against Defendant on March 12, 2018, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to discharges of stormwater from Defendant's facility located in Renton, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys' fees and costs ("Complaint").

Solely for the purpose of this Consent Decree ("Decree"), and for no other purpose, Waste Action Project and Gem Fabrication of Washington, Inc. (collectively, the "Parties") agree that this Court has jurisdiction over the Parties and the subject matter of this action pursuant to Section 505(a) of the Clean Water Act, 33 U.S.C. §§ 1365(a) and 1342, and the terms

CONSENT DECREE - 1
2:18-cv-00375-TSZ

and conditions of National Pollutant Discharge Elimination System Permit No. WAR001435 (the "NPDES Permit") authorizing discharges of pollutants from Defendant's facility located at or about 875 SW 7th Street, Renton, WA ("the Facility").

Defendant asserted defenses to the allegations contained in the Complaint, expressly denies Plaintiffs' allegations in their entirety, and admits no liability by entering this Consent Decree.

The Parties agree that the settlement of this matter is in the best interest of the parties and the public and that entry of this Consent Decree is the most appropriate means of resolving this matter.

The Parties stipulate to entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Plaintiff's Complaint and Notice Letter.

IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows.

## I. GENERAL PROVISIONS

1. This Court has jurisdiction over the Parties and subject matter of this action for purposes of this Consent Decree;

2. Each signatory for the Parties certifies for that party that he or she is authorized to enter into the terms and conditions set forth below and to legally bind the party, and any successors in interest or assigns.

3. This Consent Decree applies to and binds the Parties, their respective officers, agents, servants, employees, successors and assigns.

4. This Consent Decree shall apply to Defendant's operation and oversight of the Facility.

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, related to stormwater discharges that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility

against the Defendant, its officers, directors, employees, shareholders, consultants, contractors and agents.

6. This Consent Decree is a settlement of disputed facts and law. Aside from Defendant's admission of jurisdiction on page two of this Decree solely for the purpose of entering the Decree, it is not an admission or adjudication regarding any allegations by Plaintiff in this case or of any fact or conclusion of law related to those allegations.

7. This court shall retain jurisdiction for the purposes of issuing such further orders and directions as may be necessary and appropriate for the implementation of, enforcement of compliance with, or disputes regarding this Consent Decree. A precondition to any application to the Court under this paragraph is that the Parties must first attempt to informally resolve the dispute through meetings between the Parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within sixty (60) days from the date that the notice of dispute is served, the Parties may resolve the dispute by filing motions with the Court. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, shall apply to any proceedings seeking to enforce the terms and conditions of this consent decree.

8. The Parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the Parties, Plaintiff shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General, with a copy to Defendant. The Parties shall also mail a copy of this Consent Decree at the same time to the Regional Administrator of Region 10 of the U.S. EPA pursuant to 40 C.F.R. § 135.5.

9. This Consent Decree shall take effect upon entry by the Court. This Consent Decree shall terminate two years after entry by the court.

10. Plaintiff releases Defendant for all claims that were or could have been brought in this litigation. Plaintiff covenants not to sue Defendant under the Clean Water Act concerning the alleged violations set forth in the Complaint (Dkt. No. 1). This covenant not to sue, limited to the claims described in this paragraph, will survive the termination of this Consent Decree.

11. Defendant must comply fully with all conditions of its NPDES permit and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility, and the Stormwater Pollution Prevention Plan ("SWPPP") adopted thereunder, for the duration of the consent decree. Nothing in this Consent Decree may be construed as precluding or limiting Defendant's obligations to perform Corrective Actions if required by the NPDES permit.

## II. ATTORNEYS' FEES AND SUPPLEMENTAL ENVIRONMENTAL PROJECT

1. Within fourteen (14) days of the effective date of this Consent Decree, Defendant shall pay the sum of EIGHTEEN THOUSAND AND NO/100s DOLLARS ($18,000.00) to the Green River College Foundation, as described in **Attachment A** of this Consent Decree, for environmental benefit projects in the Green River watershed. Payment will be made to the order of and delivered to the Green River College Foundation, 12401 SE 320th Street, Auburn, WA 98092-3622, Attn: George Frasier. Payment shall include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project v. Gem Fabrication of Washington, Inc." Defendant shall provide a copy of the check and cover letter, if any, to Waste Action Project and its counsel at the addresses identified in Section VIII below.

2. Within fourteen (14) days of the effective date of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of EIGHTEEN THOUSAND DOLLARS ($18,000.00) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, Attn: Richard Smith. Defendant's payment shall be in full and complete satisfaction of any claims that Plaintiff has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees (including attorneys' and consultants' fees), expenses, and costs incurred in this matter. Smith & Lowney shall provide an attestation

to Defendant, under oath, that they have incurred at least $18,000.00 in fees and costs in this matter based on the standard hourly rates of its attorneys.

### III. SWPPP IMPLEMENTATION AND REVISIONS

1. Defendant agrees to update and maintain its SWPPP to reflect current treatments and corrective actions for the duration of the Consent Decree, and to fully implement its SWPPP for the duration of this consent decree. This includes regular maintenance of Defendant's catch basin filter inserts in accordance with procedures specified by the filter developer. Defendant will maintain its prohibition on storage of galvanized metals outside; and maintain the best management practice of repairing damaged asphalt.

2. Defendant shall update its SWPPP within thirty (30) days of entry of this consent decree to specify the following best management practices: covering the catch basin inserts in the outside steel pipe bundle storage area, use of a blower to move leaves and pine needle debris into uncovered areas, and then conduct vacuum sweeping.

### IV. VACUUM SWEEPER

1. Within twenty (20) months of entry of this consent decree Defendant will acquire a ride-on sweeper, such as a Tennant T20 or M30, for purposes of conducting vacuum sweeping.

### V. MONITORING

1. If Defendant wishes to cease sampling roof discharge at the Facility, Defendant shall first obtain approval from Ecology. This does not apply to the ceasing of sampling pursuant to NPDES Permit Condition S4.B.6. (Consistent Attainment).

### VI. REPORTING

1. Commencing on entry of this Consent Decree, for a period of two years Defendant will provide copies of documentation evidencing Defendant's compliance with this consent decree, including copies of all quarterly sample lab reports; discharge monitoring reports; submissions to and communications with and from Ecology pursuant to the NPDES permit; invoice for purchase of the ride-on sweeper in section IV, and updated SWPPPs. Documentation will be forwarded to WAP on a quarterly basis no later than the twentieth day

following the end of each calendar quarter.

## VII.     MODIFICATION

1. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court, after 45-days notice to the United States.

2. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party.  The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

## VIII.     NOTICES

1. Notifications or copies required by this Consent Decree must be in writing.  The sending party shall use e-mail and one of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; or (3) a nationally recognized overnight courier, with all fees prepaid. For written communications pursuant to section VI (Reporting), email delivery is also acceptable. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at one or more of the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph.

**If to Waste Action Project:**

Waste Action Project
P.O. Box 9281
Covington, WA 98042
*gwingard@earthlink.net*

**And to:**

Richard Smith
Smith & Lowney
2317 E. John Street
Seattle, WA 98112
*richard@smithandlowney.com*

**If to Gem Fabrication of Washington, Inc.**

Dan Shuler
875 SW 7th Street
Renton, WA 98055
*DShuler@GemFab.com*

**And to:**

Bradford T. Doll
Tupper Mack Wells, PLLC
2025 First Avenue, Suite 1100
Seattle, WA 98121
*doll@tmw-law.com*

2. A notice or other communication regarding this Consent Decree shall be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day or on a day that is not a business day, then the notice shall be deemed received at 9:00 a.m. on the next business day. A notice or other communication shall be deemed to have been received: (a) if it is delivered in person, sent by registered or certified mail or by nationally recognized overnight courier, or for communications pursuant to section (VI), via email; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal or inability to deliver.

### IX.  ORDER

The parties' joint motion for entry of consent decree, docket no. 10, is GRANTED, and pursuant to the parties' stipulations, IT IS SO ORDERED. The Clerk is directed to CLOSE this case.

DATED this 10th day of January, 2019.

_____
Thomas S. Zilly
United States District Judge

CONSENT DECREE - 7
2:18-cv-00375-TSZ

WASTE ACTION PROJECT

Signature: /s/ Greg Wingard

Name: Greg Wingard

Title: Executive Director

Dated: 10/24/2018

GEM FABRICATION OF WASHINGTON

Signature: /s/ Dan Shuler

Name: Dan Shuler

Title: Vice President, West Coast Operations

Dated: 10/29/2018

Presented by:

TUPPER MACK WELLS PLLC

By: s/ Bradford Doll
    Bradford Doll, WSBA No. 38479
    2025 First Avenue, Suite 1100
    Seattle, WA 98121
    Ph. (206) 493-2300 / Fx. (206) 493-2310

4852-1030-2073, v. 1

CONSENT DECREE - 8
2:18-cv-00375-TSZ

# ATTACHMENT A



**Green River COLLEGE FOUNDATION**
12401 SE 320th Street, Auburn, WA 98092-3622
Phone:(253) 288-3330 • Fax:(253) 288-3420
E-mail:foundation@greenriver.edu

September 6, 2018

**Re: GEM Fabrication of Washington Inc.**

**Consent Decree Case No. 2.18-cv-00375-TSZ**

To Whom It May Concern:

Green River College Foundation is an institutionally related Foundation and is a stand-alone 501(c)(3) nonprofit, EIN 51-0168649. Within the mission of the Foundation, providing resources to assist Green River College in achieving educational excellence, are the strategic priorities: to remove financial barriers for students, create pathways to good living wage careers, and provide resource capacity for college programs. The Green River College Natural Resources Program is a CTE program of Green River, and students are engaged in a variety of experiential learning projects that have value to the natural resources and ecological welfare in our community.

We have reviewed the consent decree that provides payment in the amount of $18,000 from GEM Fabrication of Washington, Inc. to the Green River College Foundation. The funding provided will be used to pay for projects focused on improved water quality in the Green River watershed. Work may include invasive plant control, native planting, and other stewardship activities conducted by or through the Green River College Natural Resources Department. This work is in partnership with existing conservation organizations and local governments engaged in water quality related conservation projects in the Green River, and its tributaries.

No money received under the proposed consent judgment will be used for political lobbying activities; and following the expenditure of funds provided by the settlement instrument Green River College Foundation will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent.

Please do not hesitate to contact us with questions or for additional information.

Sincerely,

*George Frasier*

George P. Frasier,
Executive Director
Green River College Foundation